VICTORY, J.,
dissenting.
hi dissent from the per curiam opinion which holds that the assessor has no right of action to challenge the constitutionality of the Louisiana Tax Commission’s (“LTC”) administration of ad valorem taxes assessed against public service property. In my view, the assessor has the duty under La. R.S. 47:1998 to challenge the LTC’s action in this case.
La. R.S. 47:1998, upon which the assessor relies in filing suit, is found in Title 47, Subtitle III of the Revised Statutes governing the “Provisions Relating to Ad Va-lorem Taxes,” and is entitled “Judicial review; generally.” La. R.S. 47:1856 is also found under this Subtitle. It is important that La. R.S. 47:1998(0 doesn’t just give the assessor the authority to file suit. It mandates that the assessor file suit “when necessary to protect the interest of the state.” La. R.S. 47:1998(C). True, the specific provisions relating to “public service properties,” La. R.S. 47:1851-1858, do not contain any provisions giving the assessor the right to file suit, and La. R.S. 47:1856 plainly gives the affected taxpayer the right to file a legality or other challenge and provides the specific procedures whereby the affected taxpayer’s challenges will be heard. However, I see no reason why this statute giving the taxpayer the right to sue should preclude the assessor from exercising his mandated duty under La. R.S. 47:1998. In addition, while La. R.S. 47:1856(G) requires that the assessor be named |2a party to a suit filed by the taxpayer, the assessor will never be able to use this to argue that his district is being deprived of taxes to which it is constitutionally entitled because the taxpayer will never file suit if the assessment is low. In La. R.S. 47:1853-1855, the legislature set out strict requirements for the LTC to follow in assessing public service property; and, if the per curiam is correct, then the LTC’s assessment is beyond review where the assessment deprives the local tax collecting district of taxes to which it is legally entitled. It is only when the tax is alleged to be too high does their decision come under review. I know of no other state agency of this type whose decisions are unreviewable, especially in such a one-sided way. While LTC is clearly trying to assert its authority over local assessors when it comes to public service property, someone must have the right to prevent the LTC from making assessments that are either unconstitutionally or incorrectly low. Given that the assessors are mandated to file suit to protect the interest of the state in La. R.S. 47:1998, I see no reason why this statute could not apply to ad valorem taxes assessed against public service property. This is especially true given that it is contained in the general section relative to judicial review of LTC decisions, and that the specific sections dealing with public service properties do not preclude the assessor from filing suit.
For the above reasons, I respectfully dissent.